UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant<br><br>and<br><br>FORTUNE BAY RESORT CASINO<br><br>Respondent | Case No. _____ |

**APPLICATION FOR AN ORDER REQUIRING OBEDIENCE**
**TO SUBPOENA DUCES TECUM**

The National Labor Relations Board (the Board), an administrative agency of the United States Government created pursuant to the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq. (the NLRA), by its General Counsel, respectfully applies to this Court, pursuant to Section 11(2) of the NLRA, 29 U.S.C. Sec. 161(2), for an order requiring Fortune Bay Resort Casino (hereafter Respondent) to obey a subpoena duces tecum, issued by the Board and duly served on it in the manner provided by law. In support of this application, upon information and belief, the Board shows as follows:

1. This Court has jurisdiction of the subject matter of this proceeding, and of Respondent, by virtue of Section 11(2) of the NLRA, in that the inquiry in aid of which the subpoena was issued is being carried on within this judicial district. In addition,

Respondent transacts business within this judicial district, from its office and place of business located near Tower, Minnesota.

2. Pursuant to the provisions of Section 6 of the NLRA, the Board has issued Rules and Regulations, Series 8, as amended (the Board's Rules). The Board's Rules have been duly published in the Federal Register, 24 Fed.Reg. 9095 (codified at 29 C.F.R. 102 et seq.) as provided for in the Administrative Procedure Act, 5 U.S.C. Sec. 552. The Court may take judicial notice of the Board's rules by virtue of 44 U.S.C. Sec. 307.

3. Pursuant to the provisions of Sections 3(c) and 10(a) of the NLRA, there is now pending before the General Counsel a charge entitled Fortune Bay Resort Casino, Case No. 18-CA-18884 (Exhibit 1). The General Counsel has commenced an investigation to determine whether Respondent has engaged in any unfair labor practices, all in the manner and form required by law and by Section 10(a) of the NLRA and Section 102.15 of the Board's Rules.

4. In furtherance of the investigation described above in paragraph 3, the Board, upon application of the General Counsel, on October 31, 2008, caused to be issued a subpoena duces tecum on Respondent. The subpoena directed Respondent to appear before an agent of the BOARD on November 13, 2008, and to produce the subpoenaed documents, in the manner and form provided for in Section 11(1) of the NLRA and Section 102.66 of the Board's Rules. The subpoena, Exhibit 2, was duly served on Respondent by certified mail in the manner provided for by Section 11(4) of the NLRA and Section 102.113 of the Board's Rules.

5. Thereafter, Respondent, by counsel, submitted an objection to the subpoena, Exhibit 3, and has otherwise ignored the Board's inquiry.

6. The documents subpoenaed from Respondent are relevant to a determination of the matters in question in the proceeding before the General Counsel as described above in paragraph 3. The refusal of Respondent to produce the subpoenaed documents constitutes contumacious conduct within the meaning of Section 11(2) of the NLRA, has impeded and continues to impede the Board from determining the issues before it, and has prevented and is preventing the Board from carrying out his duties and functions under the NLRA.

7. This application for enforcement of an administrative agency's subpoena is a dispositive motion, and one for which an evidentiary hearing is not appropriate, and therefore it should not be referred to a United States Magistrate under 28 U.S.C. Sec. 636(b).

8. No application has been made to any other court for the remedy sought herein.

**WHEREFORE**, the Applicant, the National Labor Relations Board, respectfully requests that:

1. An order to show cause issue forthwith directing Respondent to appear before the Court personally or by counsel and show cause, if any there be, why an order should not issue directing an appropriate agent to appear before an agent of the BOARD at a time, date, and location to be set by the Court; to produce the subpoenaed documents; and

to testify and answer any and all questions relevant to the matters in question in the proceedings before the Board as described above in paragraph 3.

2. Upon return of the order to show cause, the Court issue an order requiring Respondent to appear before an agent of the BOARD at a time, date, and location to be set by the Court; to produce the subpoenaed documents; and to testify and answer any and all questions relevant to the matters in question in the proceedings before the Board as described above in paragraph 3.

3. The Court grant the Applicant, the National Labor Relations Board, such other and further relief as may be necessary and appropriate.

Signed at Minneapolis, Minnesota, this 9th day of December, 2008.

NATIONAL LABOR RELATIONS BOARD

By:   Ronald Meisburg
      General Counsel

By: Joseph Bornong, Attorney
National Labor Relations Board
Eighteenth Region
330 S. Second Avenue Suite 790
Minneapolis, Minnesota 55401
MN Atty. Lic. #0226762